UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH RODRIGUEZ,

    Plaintiff,

v.                                                      Case No.  8:21-cv-1604-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**    **Procedural Background**

Plaintiff filed an application for a period of disability and SSI (Tr. 207).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 268-70, 280-85).  Plaintiff then requested an administrative hearing (Tr. 286).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 154-80).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 136-49).  Subsequently, Plaintiff submitted additional medical evidence to the Appeals Council ("AC") that was not in the record before the ALJ (Tr. 9-83, 92-99, 101-06, 115-30, 182-205).  Plaintiff requested review from the AC, which it

denied (Tr. 1-7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1968 (Tr. 147), claimed disability beginning June 1, 2015 (Tr. 387). After graduating from high school, Plaintiff attended community college for two years (Tr. 147). Plaintiff has past relevant work experience as a construction worker and a floor covering salesperson (Tr. 401, 412). Until 2013, Plaintiff owned and operated his own flooring installation business (Tr. 49). At the time of the ALJ's hearing, Plaintiff was divorced with a minor daughter and was living with his mom in Tampa as her caregiver (*Id*.). Plaintiff alleged disability due to cirrhosis of the liver, delirium tremors, drug induced psychotic disorder with hallucinations, lupus, pancreatitis, anxiety, and depression (Tr. 207).

After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder, anxiety disorder, alcohol use disorder, chronic hepatocellular disease, degenerative disc disease, and arthritis (Tr. 141). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 142). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R.§§ 404.1567(b) and 416.967(b), with these limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can never climb ladders, ropes, and scaffolds, occasionally balance, and frequently climb ramps and stairs. The claimant needs to avoid all exposure to hazards. The claimant is able understand, remember, carryout, and perform simple, routine tasks and instructions, reasoning level one or two, that involve occasional interaction with the public and occasional changes in the work setting.

(Tr. 143-44). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 144-45).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his past relevant work but could work as a small parts assembler, an electronics worker, and a laundry folder (Tr. 148). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (*Id.*).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review,

further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The

Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.   Analysis**

Plaintiff argues the AC erred in finding that the additional evidence Plaintiff submitted to it after the ALJ's decision did not warrant remand (Doc. 24 at 5-7). The Commissioner responds that almost all the additional evidence pertains to the period after the ALJ's decision and is cumulative of evidence the ALJ considered in finding Plaintiff not disabled (*Id*. at 7-10).

A hearing before the ALJ is not an adversary proceeding, and the ALJ has a basic obligation to develop a full and fair record. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). This obligation exists even if the claimant is represented by counsel. *Id*. The claimant, however, "bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant may present evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). If a claimant presents evidence after the ALJ's decision, the AC must consider it if it is new, material, and chronologically relevant. 20 C.F.R. § 416.1470(b); *see also Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015).

Evidence is material if a reasonable possibility exists that it would change the administrative result. *Washington*, 806 F.3d at 1321. New evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 416.1470(b). Merely acknowledging that the claimant submitted new evidence is not sufficient; the AC must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence," including the new evidence. *Ingram*, 496 F.3d at 1261 (quotation marks omitted); *see also Smith v. Soc. Sec. Admin.*, 272 F. App'x 789, 800-01 (11th Cir. 2008) (*per curiam*). But the AC is not required "to provide a detailed discussion of a claimant's new evidence when denying a request for review." *Mitchell v. Comm'r of Soc. Soc.*, 771 F.3d 780, 783 (11th Cir. 2014). A claimant seeking remand under sentence four of 42 U.S.C. § 405(g) "must show, in light of the new evidence submitted to the AC, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013).

Here, the additional evidence Plaintiff submitted to the AC falls into two categories: evidence dated before the ALJ's July 20, 2020 decision and evidence that post-dates it.[1] The first category includes 12 pages of medical records from April 29, 2020 through July 11, 2020 (*see* Tr. 2). Specifically, Plaintiff submitted Tampa General Hospital records of his April 29, 2020 abdomen and pelvis CT; July 8, 2020 head CT; July 9, 2020 cervical spine CT; July 10, 2020 brain MRI; July 10, 2020 thoracic spine MRI; and July 11, 2020 cervical spine MRI (Tr. 106-13; 193-200). The AC concluded this evidence "does not show a reasonable probability

---

[1] These records were not in the administrative record but rather the electronic file submitted to the Court (Doc. 21).

that it would change the outcome of the decision" and denied review (Tr. 2), and the undersigned agrees.

Plaintiff's July 2020 CT scans revealed "mild multilevel cervical spondylosis most pronounced at C3-4 with mild to moderate canal stenosis" (Tr. 195) and "mild thoracic spondylosis" (Tr. 196). MRIs confirmed multilevel degenerative disc disease, mild canal stenosis, and a disc osteophyte with mild to moderate canal stenosis (cervical spine) and mild degenerative changes (thoracic spine) (Tr. 102). Specifically, regarding Plaintiff's July 2020 cervical spine MRI, Plaintiff's doctor wrote: "There are no significant changes when compared to the prior MRI of the cervical spine obtained on 02/18/2017." (Tr. 102) Plaintiff's July 2020 brain MRI showed "T1 hyperintense basal ganglia, likely due to history of alcoholic liver disease" (Tr. 197), and a CT scan revealed "no acute findings. Stable examination as compared with prior studies." (Tr. 199). On his abdomen and pelvis imaging, there was "no evidence of obstruction or significant abdominal hernia" (Tr. 200), and the findings confirmed what Plaintiff and his doctors already knew – Plaintiff suffered from alcoholic cirrhosis of the liver (*Id.*).

At bottom, the additional evidence pre-dating the ALJ's decision is cumulative. The ALJ considered Plaintiff's treatment for muscle aches and joint pain, his complaints of chronic pain, and his positive ANA test (Tr. 816-19). The ALJ considered evidence of Plaintiff's treatment for low back, ankle, shoulder, and knee pain, and his diagnosis of arthritis in his hips and knees (Tr. 1946, 1974-76, 1984-85, 2007, 2009, 2012, 2015, 2018). After reviewing this evidence, the ALJ restricted Plaintiff to light work with limitations (Tr. 143), a finding Plaintiff does not challenge. *See Clough v. Comm'r of Soc. Sec.*, 636 F. App'x 496, 498 (11th Cir. 2016) (stating that "largely cumulative" evidence did not provide a reasonable

probability that the evidence would change the administrative outcome). Plaintiff has not demonstrated a reasonable probability the ALJ would have changed his decision based on this additional evidence.

The second category of evidence Plaintiff submitted to the AC includes approximately 130 pages of Tampa General Hospital records and treatment notes from USF primary care doctors and specialists (a gastroenterologist, a hepatologist, and a neurologist) from mid-2020 through April 2021 (after the ALJ's decision) (Tr. 9-83, 92-99, 101-06, 115-130, 182-205). The AC found that this evidence "does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 20, 2020." (*Id.*). Although Plaintiff's argument is murky, he implies that these records – despite post-dating the ALJ's decision – address chronic impairments that existed for years before the ALJ's decision (Doc. 24 at 6).

Evidence may be chronologically relevant even if it post-dates the ALJ's decision. For instance, in *Washington*, the Eleventh Circuit considered an examining psychologist's opinions to be chronologically relevant "even though [the psychologist] examined [the claimant approximately seven] months after the ALJ's decision." 806 F.3d at 1322. The psychologist had reviewed the claimant's treatment records from the period before the ALJ's decision; the claimant had told the psychologist he had suffered from the conditions "throughout his life" (which obviously included the relevant time period); and there was "no assertion or evidence" that the claimant's condition worsened "in the period following the ALJ's decision." *Id.*; *see also Wordsman v. Berryhill*, 2019 WL 1349821, at *4-5 (M.D. Fla. Mar. 26, 2019) (remanding to the Commissioner for reconsideration of evidence submitted to the AC for the first time; evidence that post-dated relevant period by four months). But in

*Washington*, unlike in this case, the AC refused to consider the additional evidence submitted by the plaintiff before denying review. 806 F.3d at 1318.

But in *Stone v. Commissioner of Social Security Administration*, 658 F. App'x 551, 555 (11th Cir. 2016), the Eleventh Circuit found the circumstances "significantly different" from those present in *Washington*. The records in *Stone* "demonstrate[d] a worsening" of the relevant symptoms after the ALJ's decision. *Id*. And in *Hargress v. Commissioner of Social Security Administration*, 883 F.3d 1302, 1309-10 (11th Cir. 2018), the Eleventh Circuit found that progress notes post-dating the ALJ's decision did not "relate to the period before the ALJ's . . . decision" and "nothing in these new medical records indicates the doctors considered [the claimant's] past medical records or that the information in them relates to the period at issue, which materially distinguishes this case from *Washington*." *Id*.; *see also Griffin v. Comm'r of Soc. Sec.*, 723 F. App'x 855, 858 (11th Cir. 2018) (finding MRI report prepared four months after ALJ's decision not chronologically relevant or material as there was no indication report related back to the relevant time period); *Green v. Comm'r of Soc. Sec.*, 695 F. App'x 516, 518-19 (11th Cir. 2017) (finding AC properly declined review where additional treatment notes were not chronologically relevant, the treating doctor did not state the condition existed during the relevant period, and did not state he reviewed plaintiff's medical records during the relevant period); *Smith*, 272 F. App'x at 801-02 (affirming district court's decision; new evidence submitted to AC did "not establish a likelihood that the ALJ would have reached a different result," in part because they post-dated the ALJ's decision by between four and eight months).

This case is more like *Stone* and *Hargress* and less like *Washington*. First, although the AC "did not exhibit" the additional evidence, it is enough in this case that the AC considered

it before denying review (Tr. 2). *See Ashley v. Comm'r of Soc. Sec.*, 707 F. App'x 939, 944-46 (11th Cir. 2017) (affirming AC's decision that new evidence was not chronologically relevant and finding that "because these post-decision medical records do not relate back, the Appeals Council was not required to make them part of the administrative record . . ."). Second, there is nothing in the USF physicians' statements indicating that they considered Plaintiff's medical records from the relevant time period (Plaintiff's onset date of June 1, 2015, through the ALJ's July 20, 2022 decision) or that Plaintiff's condition relates back to the relevant period.

      Plaintiff highlights a November 2020 treatment note from USF physician Elliot Neal, M.D. that states Plaintiff "has 4-5 years of left shoulder, hip, knee pain that are likely chronic from years of manual labor." (Tr. 101). But Dr. Neal saw Plaintiff once, four months after the ALJ's decision, and his note reads like he was merely recording Plaintiff's complaints of his subjective symptoms (*Id.*). Also, Dr. Neal's next two sentences undermine Plaintiff's implication that the pain he reported to the physician related back to the relevant period: "He also has subacute R hip and elbow pain that is related to his recent fall. His back and neck pain is from the past year according to the patient, and does not seem to be creating any myelopathic symptoms such as gait imbalance, abnormal reflexes, or fine motor impairment in the hands or radiculopathy." (*Id.*). Consequently, the Court cannot say that the AC erred in finding that the evidence is not chronologically relevant. Plaintiff has not demonstrated that "in light of the new evidence submitted to the AC, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." *Timmons*, 522 F. App'x at 902. Plaintiff's argument fails.

## V.     Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner of the Social Security Administration and close the case.

**ORDERED** in Tampa, Florida, on August 18, 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE